UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIEN CHI VUONG (A-027-743-168), | Case No.  1:25-cv-1847 DC-CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MOISES BECERRA, et al., | |
| Respondents. | |

Petitioner Thien Chi Vuong (A-027-743-168), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention violates his due process rights under the Fifth Amendment.  (Id.)  For the following reasons, this Court recommends that the petition be granted.

I.    **LEGAL STANDARD**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a

1

petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    DISCUSSION[1]

On December 15, 2025, petitioner filed a motion for a temporary restraining order. (ECF No. 2.) On December 18, 2025, respondents filed an opposition to the motion for a temporary restraining order. (ECF No. 11.) On December 22, 2025, the district judge granted petitioner's motion for a temporary restraining order, concluding petitioner was likely to succeed on the merits of his claim that his November 2025 re-detention violated his due process rights where the government failed to follow the applicable regulations in revoking petitioner's June 2011 release under an order of supervision after the government failed to remove him to Vietnam, and all remaining *Winter* factors weighed in favor of granting relief. 12/22/2025 Order at 4-6 (ECF No. 13.). Respondents were ordered to immediately release petitioner, and enjoined and restrained from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. § 241.13(i). Id. at 9. The district judge also directed respondents to show cause why a preliminary injunction should not issue on the same terms as the temporary restraining order. Id. In response to the order to show cause, respondents indicated that they have nothing further to add to the arguments raised in their opposition and "do not oppose the Court converting the temporary restraining order into a preliminary injunction." (ECF No. 15.) On December 31, 2025, the district judge issued a preliminary injunction on the same terms as the temporary restraining order for the same reasons as those stated in its December 22, 2025 order. (ECF No. 16.) The district court referred this action to the assigned Magistrate Judge for further proceedings. (Id.)

---

[1] The factual and procedural background previously presented in the district judge's December 22, 2025 order is incorporated herein. (See ECF No. 13.)

2

On February 17, 2026, in response to this Court's order requiring a joint status report, the parties agreed that no additional briefing is needed on the merits of the underlying petition, and that the Court may decide the petition on the filings before the court, and waived a hearing on the underlying petition.  (ECF No. 19.)

Where the record before the district court has not changed since the district court's order granting the motion for a temporary restraining order and order issuing a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by failing to follow the applicable regulations under 8 C.F.R. § 241.13(i) when revoking petitioner's release and re-detaining him (claim one).  See 8 C.F.R. § 241.13(i).  As the district judge explained in its December 22, 2025 order, petitioner was not notified of the reasons for his revocation or provided an informal interview, in violation of Section 241.13(i).  See 12/22/2025 Order at 5-7.  Because the resolution of the first claim provides the relief requested, the Court need not reach the remaining claims (claims two through four). This Court further recommends that a permanent injunction be issued on similar, but modified, terms as the preliminary injunction.

**III.    CONCLUSION**

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus be GRANTED.

2.   A permanent injunction be issued enjoining and restraining respondents from re-arresting or re-detaining petitioner Thien Chi Vuong (A-027-743-168) absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. § 241.13(i).  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case.

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

3

Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 16, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/vuon.1847.25.fr-merits